**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **DARRYL RAYNARD GORDON, SR.,**  ) | |
| **ID # 690822,**  ) | |
|      Petitioner,  ) | |
| vs.  ) | No. 3:08-CV-1138-D-BH |
|   ) | |
| **NATHANIEL QUARTERMAN, Director,**  ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal**  ) | |
| **Justice, Correctional Institutions Division,**  ) | |
|      Respondent.  ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a December 21, 2006 parole revocation proceeding. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

Petitioner was convicted of robbery in Kaufman County (Cause No. 17,439), and was sentenced to fifteen years imprisonment in April 1994. S.H.R.[1] at 11. When he was released on parole on July 11, 2006, one of his conditions of release was that he "commit no offense against the laws" of any state or the United States. *Id.* at 79-80. On December 5, 2006, a pre-revocation arrest warrant was issued based on reliable information that petitioner had violated the terms of his release, and he was arrested the next day. *Id.* at 107, 93. On December 14, 2006, petitioner received written

---

[1] "S.H.R." denotes the state habeas records identified by respondent with Event ID # 2329366.

notice of the alleged parole violations and his rights in the revocation process, including a conditional right to counsel. *Id.* at 76-77. A week later, a parole revocation hearing was conducted, and on January 10, 2007, the Texas Board of Pardons and Paroles (BPP) revoked petitioner's parole based on testimony from petitioner's wife that he had committed the crime of harassment in violation of Tex. Penal Code § 42.07(a)(2). *Id.* at 68-75. He unsuccessfully challenged the revocation through the state habeas process. *See Ex parte Gordon*, No. 59,933-02, slip op. at 1 (Tex. Crim. App. May 21, 2008).

On July 1, 2008, petitioner filed this federal habeas action pursuant to 28 U.S.C. § 2254. He raises several claims that the State has violated his due process rights: (1) there was insufficient evidence to support the revocation because he was never arrested or charged for the offense which led to the revocation; (2) the BPP acted in bad faith by rushing to judgment before adjudication of a violation of state law; (3) he was denied counsel at the revocation proceedings; (4) the BPP refused to reopen the hearing; (5) the BPP refused to call a witness requested by petitioner; and (6) he was not advised of his right to counsel. (Pet. Writ of Habeas Corpus (Pet.) at 7-8; Mem. at 1-12.)

On January 22, 2009, respondent answered, arguing that the petition is untimely and without merit, and that the fifth and sixth claims are unexhausted. (*See* Answer at 1-25.) Petitioner filed a reply brief, and the issues are now ripe for consideration. (Reply at 1.)

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed his petition after its effective date, the Act applies to his petition.

2

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

These AEDPA standards apply to petitioner's claims that were considered on the merits in the state habeas process.

The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This presumption "applies to explicit findings of fact and to 'those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.'" *Williams v. Quarterman*, 551 F.3d 352, 358 (5th Cir. 2008) (quoting *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001)).

### III. DUE PROCESS

Petitioner claims that the State violated his due process rights by revoking his parole and during the revocation proceedings.[2]

---

[2] Respondent contends that petitioner's federal petition is untimely and that two claims are unexhausted. Because the one-year limitations period applicable in this § 2254 action is not jurisdictional, *see Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), the Court may appropriately bypass the timeliness issue and proceed to the merits of the asserted claims, *see White v. Quarterman*, No. 3:06-CV-0849-H, 2008 WL 2221035, at *9 (N.D. Tex. May 29, 2008) (accepting recommendation of Mag. J.). The Court may also deny claims on the merits despite an alleged failure to exhaust. *See* 28 U.S.C. § 2254(b)(2). The Court finds it appropriate to proceed to the claims on the merits in this case.

A parolee is constitutionally entitled to certain due process protections before a State may revoke his parole. *Morrissey v. Brewer*, 408 U.S. 471, 487-488 (1972). "The Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation."[3] *Black v. Romano*, 471 U.S. 606, 610 (1985). "[I]t is clear that the Fourteenth Amendment due process provisions contemplate that any [hearing to revoke probation] must comport with principles of fundamental fairness." *United States v. Tyler*, 605 F.2d 851, 853 (5th Cir. 1979) (citing *Morrissey*, 408 U.S. at 484).

Parolees have a due process right to (1) written notice of the alleged parole violations; (2) disclosure of the evidence against him; (3) an opportunity to be heard in person and present witnesses and documentary evidence; (4) cross-examine and confront witnesses unless there is good cause to disallow confrontation; (5) a neutral decision maker; and (6) a written statement as to the evidence relied upon and the reasons for revoking parole. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). Indigent parolees have a constitutional right to appointment of counsel in the revocation context only when the "parolee's version of a disputed issue can fairly be represented only by a trained advocate". *Id.* at 788. Although counsel will be "constitutionally unnecessary" in most revocation cases, "fundamental fairness – the touchstone of due process" may dictate that counsel be appointed in a particular case. *Id.* at 790.

**A. Sufficiency of the Evidence**

Petitioner's first and second claims relate to the sufficiency of the evidence to support the revocation of his parole. (*See* Pet. at 7; Mem. at 2-3, 8, 11.)

---

[3] "Probationers and parolees have virtually identical constitutional due process rights in revocation hearings." *United States v. Tippens*, 39 F.3d 88, 90 (5th Cir. 1994). The Court thus makes no distinction between cases dealing with probationers and those dealing with parolees. The cases have the same precedential value.

4

On federal habeas review, the federal courts are limited in their review of the sufficiency of the evidence to support a parole revocation. *See Moriel v. Cockrell*, No. 2:00-CV-0282-J-BB, 2003 WL 22038337, at *4 (N.D. Tex. Aug. 29, 2003) (recommendation of Mag. J.), *adopted by* unpub. order (N.D. Tex. Sept. 18, 2003). A revocation is supported by sufficient evidence if "some evidence" exists in the record to support the revocation decision. *Id.* (relying on *Villarreal v. U.S. Parole Comm'n*, 985 F.2d 835, 839 (5th Cir. 1993)). It does not violate the Constitution to consider criminal charges for which the parolee has not been charged, *Maddox v. U.S. Parole Comm'n*, 821 F.2d 997, 999 (5th Cir. 1987), or which have been dismissed, *Else v. Johnson*, 104 F.3d 82, 83 (5th Cir. 1997) (per curiam); *Villarreal*, 985 F.2d at 839.

Here, petitioner's parole was revoked because of unfiled charges of harassment that allegedly occurred in early December 2006. S.H.R. at 70-71. Under Texas law, a person commits the offense of harassment,

> if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, he . . . threatens, by telephone, in writing, or by electronic communication, in a manner reasonably likely to alarm the person receiving the threat, to inflict bodily injury on the person or to commit a felony against the person, a member of his family or household, or his property.

Tex. Penal Code § 42.07(a)(2) (Vernon 2003). Testimony from petitioner's wife provides some evidence that he violated § 42.07(a)(2). *See* S.H.R. at 72 (summarizing testimony that petitioner threatened his wife by telephone on December 2, 2006, and told her by telephone on December 4, 2006, to "clean up her act and say what is correct to his parole officer").

Given the limited review of the sufficiency of the evidence to support a revocation decision, neither his first or second claims entitle petitioner to federal habeas relief. The fact that petitioner was never arrested or charged with harassment under § 42.07(a)(2) does not mean that his due

5

process rights were violated.[4] *See Mitchell v. Quarterman*, No. 3:08-CV-1152-G, 2009 WL 790119, at *2 (N.D. Tex. Mar. 25, 2009) (accepting recommendation of Mag. J.).

**B. Appointment of Counsel**

In his third claim, petitioner contends that he was unconstitutionally deprived of counsel at the revocation hearing. (Pet. at 7; Mem. at 7-10.) In his sixth claim, he asserts that he was not notified of his right to counsel. (Mem. at 10.)

The record does not support the sixth claim. Petitioner was specifically notified: "You have the right to a state appointed attorney under certain circumstances to be determined by a hearing officer. If you qualify for that right, an attorney will be appointed to represent you. If you do not qualify for that right, you may hire an attorney to represent you." S.H.R. at 76. By signing that document, petitioner affirmed that he was advised of his rights. *Id.* The hearing officer informed petitioner that he denied appointment of counsel because petitioner "was able to articulate and fully understand the hearing process as well as defend himself on each of the allegations sufficiently" and because there were "no complex legal issues involved on any of the[] allegations." *Id.* at 71. Claim 6 fails as unsupported by the facts.

Whether petitioner was unconstitutionally deprived of counsel at the revocation hearing depends on whether his version of a disputed issue could only be fairly represented through counsel. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). Due process did not require appointment of counsel for petitioner at his revocation hearing. He contends that the allegations against him, particularly the sexual assault charge, were serious and complex. (Mem. at 7, 9). He has not shown

---

[4] In his memorandum, petitioner states that he is actually innocent of the revocation allegations. (Mem. at 11.) To the extent petitioner intends to raise a separate claim of actual innocence, the claim fails because petitioner has not affirmatively shown that he is innocent of the allegations relied upon to revoke his parole.

6

that the sexual assault charge was so complex to warrant appointment of counsel at the revocation proceedings. Moreover, the hearing officer revoked petitioner's parole because he found sufficient evidence to conclude that petitioner had committed the non-complex offense of harassment – parole was not revoked due to the sexual assault charge. S.H.R. at 71. Petitioner was not entitled to appointment of counsel for the reasons stated by the hearing officer. The failure to appoint counsel did not render the revocation proceedings fundamentally unfair or violate petitioner's due process rights under the facts of this case.[5] Petitioner's third claim entitles him to no federal habeas relief.

## C. Reopen Proceedings

In his fourth claim, petitioner claims BPP violated his due process rights by refusing to reopen the revocation proceedings without stating a reason. (Mem. at 8.)

Although due process requires that petitioner be given written reasons for revoking his parole, *see Gagnon*, 411 U.S. at 786, neither the Supreme Court nor the Fifth Circuit Court of Appeals has extended that requirement to denying a motion to reopen. In the absence of such precedent, there is no due process violation. Petitioner also has shown no basis for reopening the revocation proceedings or that the denial rendered the proceedings fundamentally unfair. This claim entitles petitioner to no federal habeas relief.

## D. Refusal to Call Witness

In his fifth claim, petitioner asserts that the BPP refused to call a witness who filed the police report against him. (Mem. at 11.)

The record shows that petitioner specifically requested the presence of the witness. S.H.R. at 78. Because the witness who reported the alleged sexual assault, *see id.* at 91, would have pro-

---

[5] Because the hearing officer concluded that counsel was not constitutionally required, any claim of ineffective assistance of counsel (*see*, *e.g.*, Mem. at 2, 7 (mentioning ineffective assistance as an issue in this case)) necessarily fails.

vided no testimony about the harassment offenses that ultimately resulted in parole revocation, her absence did not render the proceeding fundamentally unfair. Petitioner provides nothing to show that the witness would have testified favorably to him or that such testimony would have made a difference to the revocation proceedings. There is no due process violation on this basis, and petitioner is not entitled to federal habeas relief.

### IV.  STATE CONSIDERATION OF CLAIMS

With respect to the claims that petitioner raised in his state habeas application, the Court of Criminal Appeals adjudicated the claims on the merits. The decision to deny relief at the state level is not inconsistent with applicable Supreme Court precedent. The decision involved no unreasonable application of Supreme Court precedent. The adjudication of the claims did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented to the state court. Under applicable Supreme Court standards and the AEDPA standards, petitioner is entitled to no habeas relief on the claims raised in the instant petition that were also raised in the state habeas process.

### V.  EVIDENTIARY HEARING

Upon review of the pleadings, an evidentiary hearing appears unnecessary to resolve this federal petition.

### VI.  RECOMMENDATION

The District Court should **DENY** the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 with prejudice.

**SIGNED this 2nd day of July, 2009.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

9